United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Norman Philip Evers, | NO. C 03-04805 JW |
| Petitioner, | |
| v. | **ORDER RE CERTIFICATE OF APPEALABILITY** |
| Silvia Garcia, Warden, | |
| Respondent. | |

On October 27, 2003, Petitioner initiated the instant action by filing a Petition for a Writ of Habeas Corpus. Petitioner claimed: (1) the trial court erred in its failure to instruct the jury on third-party culpability and Petitioner's alibi defense under CALJIC No. 4.50 in violation of Petitioner's Due Process right to a fair trial; (2) the trial court erred in instructing the jury in terms of "Guilt" and "Innocence" under CALJIC No. 2.01, by giving CALJIC No. 2.70 without clarification, in violation of Petitioner's Due Process right to a fair trial; (3) ineffective assistance of counsel due to trial counsel's failure to request the above jury instructions on third-party culpability, alibi defense, and "Guilt" and "Innocence" terms, and due to trial counsel's failure to object to the Prosecutor's comment on Petitioner's silence; (4) the Prosecutor's comment on Petitioner's post-arrest silence violated Petitioner's rights to due process and to remain silent; and (5) Petitioner is entitled to have DNA testing performed on the only physical evidence connecting him to the murder scene and the failure to perform DNA testing violated Petitioner's right to due process. On

November 14, 2005, the Court issued an Order Denying Petition for Writ of Habeas Corpus, and Judgment. On November 16, 2005, Petitioner filed a notice of appeal.

Pursuant to 28 U.S.C. §2253(c)(1), an appeal may not be taken unless the district court or appellate court issues a certificate of appealability. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard, see id. § 2253(c)(3), and the court of appeals is limited to considering only those claims. See Hiivala v. Wood, 195 F.3d 1098, 1103 (9th Cir. 1999); Fuller v. Roe, 182 F.3d 699, 702-03 (9th Cir. 1999). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Based upon all papers filed to date, this Court concludes that Petitioner has failed to make the requisite showing of the denial of a constitutional right. Accordingly, the Court declines to issue a certificate of appealability.

Dated: November 28, 2005

*James Ware*
JAMES WARE
United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Frances Marie Dogan Frances.Dogan@doj.ca.gov
Richard Jay Moller jaym@humboldt.net

**Dated:   November 28, 2005**                                    **Richard W. Wieking, Clerk**

                                                                  **By:\_\_/s/ JW Chambers_____**
                                                                  **     Ronald L. Davis**
                                                                  **     Courtroom Deputy**